UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TIRON COBBS

VERSUS

HENRY LEBEUF

CIVIL ACTION

NO. 15-785-JJB-RLB

## RULING

This matter is before the Court on a Motion to Dismiss (Doc. 25) brought by the Defendant, Henry LeBeuf ("LeBeuf"). The Plaintiff, Tiron Cobbs ("Cobbs"), filed an Opposition (Doc. 28). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Defendant's Motion is **GRANTED**.

### I. BACKGROUND[1]

Plaintiff brought this action against the Defendant after he slipped and fell on water while walking to the shower. Plaintiff is an inmate incarcerated at Elayn Hunt Correctional Center ("EHCC") located in Saint Gabriel, Louisiana. The Defendant is a Sergeant and employee at EHCC who routinely escorted the Plaintiff and others to the showers.

Plaintiff injured his back, neck, and head after he slipped and fell on water that had pooled in front of his cell. He claims that the standing water problem had been occurring for some time because of a defective shower that leaked onto the floor in front of the inmates' cells. Plaintiff claims that the water was never properly cleaned up despite multiple requests to fix the problem. Plaintiff seeks monetary damages in connection with his claims.

Defendant argues that the case should be dismissed under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] All facts are taken from the Complaint, Doc. 4-2.

JURY                                  1

First, the Defendant argues that to the extent Plaintiff is asserting a monetary claim against the Defendant in his official capacity, these claims must be dismissed because they are barred by the Eleventh Amendment. In his Opposition, the Plaintiff clarifies that he is only raising claims against the Defendant in his individual capacity. For this reason, the Court need not address the Defendant's 12(b)(1) arguments. The Court will construe all claims in the Complaint as claims against the Defendant in his individual capacity.

Second, the Defendant argues that the Plaintiff has failed to state a claim upon which relief can be granted because slip and fall accidents are not actionable under 42 U.S.C. § 1983. The Plaintiff argues that he has stated a proper constitutional claim for deliberate indifference.

## II.  STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if the plaintiff fails to "state a claim upon which relief can be granted."[2] When deciding a motion to dismiss for failure to state a claim under 12(b)(6), a court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.[3] To survive a 12(b)(6) motion, the plaintiff must plead enough facts to state a claim to relief that its plausible on its face.[4] A claim has facial plausibility when the complaint's factual content allows the court to draw the reasonable inference that the defendant is liable.[5] While a court must accept all factual allegations as true, it need not accept as true legal conclusions couched as factual allegations.[6]

---

[2] Fed. R. Civ. P. 12(b)(6).
[3] *Doe v. United States*, 831 F.3d 309, 314 (5th Cir. 2016) (citation omitted).
[4] *Id.*
[5] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).
[6] *Id.*

**III.   DISCUSSION**

"Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."[7] In order to make out a claim under section 1983, a plaintiff must show a deprivation of a federal right.[8]

An inmate can state a cognizable 1983 claim by showing that his Eighth Amendment rights have been violated. The Constitution does not mandate comfortable prisons but neither does it permit inhumane ones.[9] The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.[10]

In order to make out a claim that a condition of confinement is unconstitutional, an inmate must satisfy a two-part test.[11] First, there is the objective requirement that the condition must be "so serious as to deprive [a prisoner] of the minimal civilized measure of life's necessities."[12] In other words, in order to satisfy this element, an inmate must show that a prison condition posed a substantial risk of serious harm to the inmate.[13]

Second, there is the subjective requirement. An inmate must show that the prison official responsible for the deprivation was deliberately indifferent to the inmate's safety.[14] "Deliberate indifference is an extremely high standard to meet."[15] Mere negligence or even gross negligence is not enough.[16] In order to show deliberate indifference an inmate must show that the official had the subjective intent to cause harm.[17] An inmate can show this intent by showing that the prison

---

[7] *Baker v. McCollan*, 443 U.S. 137, 146 (1979).
[8] *Price v. Roark*, 256 F.3d 364, 370 (5th Cir. 2001) (citation omitted).
[9] *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (internal quotation marks and citation omitted).
[10] *Id.*
[11] *Id.*
[12] *Harris v. Angelina Cnty., TX*, 31 F.3d 331, 334 (5th Cir. 1994).
[13] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).
[14] *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 649 (5th Cir. 1996).
[15] *Domino v. TX Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).
[16] *Thompson v. Upshur Cnty., TX,* 245 F.3d 447, 459 (5th Cir. 2001) (citation omitted).
[17] *Hare*, 74 F.3d at 649.

3

official was (1) aware of facts from which an inference of excessive risk to the prisoner's safety could be drawn and (2) that the official actually drew an inference that such potential for harm existed.[18]

Even where a prison official is aware of a wet floor and fails to fix the problem that causes the wet conditions, a slippery floor is not the type of condition that gives rise to an unconstitutional condition of confinement claim.[19] In *Hickerson*, the plaintiff was an inmate who slipped and fell in a puddle of water while exiting a shower.[20] He claimed that the puddle problem had been occurring for months, that security had been informed of the problem and that they failed to fix it.[21] The court held that plaintiff failed to state a cognizable claim under section 1983 because water on the floor is not the type of condition that gives rise to an Eighth Amendment violation.[22] Additionally, the court held that the plaintiff failed to satisfy the subjective requirement of the test because he did not properly allege that the warden subjectively intended to harm the plaintiff.[23]

---

[18] *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999).
[19] *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("[W]hile the standing-water problem [is] a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment."); *See McLaughlin v. Farries*, 122 F. App'x. 692 (5th Cir. 2004) (holding that plaintiff failed to state a 1983 claim where he alleged that he slipped and fell on water from a leaky air conditioner that defendants were aware of); *Benton v. Grant*, 31 F. App'x. 160 (5th Cir. 2001) (holding that plaintiff failed to state a 1983 claim where he alleged that he slipped and fell on water from a leaky ceiling that defendants were aware of); *Marsh v. Jones,* 53 F.3d 707, 712 (5th Cir. 1995) (same); *Mason v. Rogers*, Civil Action No. 12-613-JJB-RLB, 2013 WL 5934704, at *3 (M.D. La. Nov. 5, 2013) ("[T]here is nothing in the record to suggest that the plaintiff and numerous other inmates housed in that facility were not generally able to see and negotiate the [puddle of water]. Although it may have been preferable for there to have been no accumulation of water, for there to have been signs warning of that condition, or for the area to have been provided with better lighting, it does not appear that the alleged dangerous condition…constituted the denial of a basic human need…"); *Viscardis v. Cooper*, Civil Action No. 09-1653-DDD, 2012 WL 489167, at *2 (W.D. La. Feb. 14, 2012) (inmate who slipped in water leaking from roof did not state a claim under 1983); *Banks v. Winn Corr. Ctr.*, Civil Action No. 09-1139-JDK, 2009 WL 5440749, at *2 (W.D. La. Dec. 21, 2009) (same); *Hickerson v. Cooper*, Civil Action No. 09-404, 2009 WL 1787701, at *2 (W.D. La. June 23, 2009) (same).
[20] *Hickerson*, 2009 WL 1787701, at *1.
[21] *Id.*
[22] *Id.* at *2.
[23] *Id.*

official was (1) aware of facts from which an inference of excessive risk to the prisoner's safety could be drawn and (2) that the official actually drew an inference that such potential for harm existed.[18]

Even where a prison official is aware of a wet floor and fails to fix the problem that causes the wet conditions, a slippery floor is not the type of condition that gives rise to an unconstitutional condition of confinement claim.[19] In *Hickerson*, the plaintiff was an inmate who slipped and fell in a puddle of water while exiting a shower.[20] He claimed that the puddle problem had been occurring for months, that security had been informed of the problem and that they failed to fix it.[21] The court held that plaintiff failed to state a cognizable claim under section 1983 because water on the floor is not the type of condition that gives rise to an Eighth Amendment violation.[22] Additionally, the court held that the plaintiff failed to satisfy the subjective requirement of the test because he did not properly allege that the warden subjectively intended to harm the plaintiff.[23]

---

[18] *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999).
[19] *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("[W]hile the standing-water problem [is] a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment."); *See McLaughlin v. Farries*, 122 F. App'x. 692 (5th Cir. 2004) (holding that plaintiff failed to state a 1983 claim where he alleged that he slipped and fell on water from a leaky air conditioner that defendants were aware of); *Benton v. Grant*, 31 F. App'x. 160 (5th Cir. 2001) (holding that plaintiff failed to state a 1983 claim where he alleged that he slipped and fell on water from a leaky ceiling that defendants were aware of); *Marsh v. Jones,* 53 F.3d 707, 712 (5th Cir. 1995) (same); *Mason v. Rogers*, Civil Action No. 12-613-JJB-RLB, 2013 WL 5934704, at *3 (M.D. La. Nov. 5, 2013) ("[T]here is nothing in the record to suggest that the plaintiff and numerous other inmates housed in that facility were not generally able to see and negotiate the [puddle of water]. Although it may have been preferable for there to have been no accumulation of water, for there to have been signs warning of that condition, or for the area to have been provided with better lighting, it does not appear that the alleged dangerous condition…constituted the denial of a basic human need…"); *Viscardis v. Cooper*, Civil Action No. 09-1653-DDD, 2012 WL 489167, at *2 (W.D. La. Feb. 14, 2012) (inmate who slipped in water leaking from roof did not state a claim under 1983); *Banks v. Winn Corr. Ctr.*, Civil Action No. 09-1139-JDK, 2009 WL 5440749, at *2 (W.D. La. Dec. 21, 2009) (same); *Hickerson v. Cooper*, Civil Action No. 09-404, 2009 WL 1787701, at *2 (W.D. La. June 23, 2009) (same).
[20] *Hickerson*, 2009 WL 1787701, at *1.
[21] *Id.*
[22] *Id.* at *2.
[23] *Id.*

Here, Cobbs has failed to satisfy either element of the test. Like the plaintiff in *Hickerson* who could not satisfy the objective component by merely alleging that a slippery floor existed, Cobbs cannot satisfy the objective component by arguing that he was instructed to walk on a slippery floor to get to the shower. Although Cobbs was in restraints while walking to the shower, the Court finds that walking on a potentially slippery floor is not a condition that is "so serious as to deprive [him] of the minimal civilized measure of life's necessities."[24]

Additionally, Cobbs cannot satisfy the subjective component of the test. While he has made a conclusory legal allegation that the Defendant was deliberately indifferent to Cobbs' safety by instructing Cobbs to walk on a slippery floor, he has not alleged facts to show that the Defendant had a subjective intent to cause harm to Cobbs.[25] In fact, the Complaint contains facts that show the opposite—for the most part, the Defendant tried to keep the inmates safe. The Defendant often instructed the inmates to use extra jumpsuits to soak up the water so that they would not slip. The Defendant may have failed to keep the area dry during the time that Cobbs slipped, but at most, this shows mere negligence by the Defendant, not a subjective intent to cause harm.

This Court finds that, at most, Plaintiff has alleged a "garden-variety" negligence claim, not a claim that his constitutional rights have been violated.[26] Mere negligence claims, such as slip and fall claims, are not cognizable under Section 1983.[27]

## IV.   CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss (Doc. 25) is **GRANTED**. All federal claims in this matter are **DISMISSED** with prejudice. The Court

---

[24] *Harris,* 31 F.3d at 334.
[25] Complaint ¶¶ 13, 23, Doc. 4-2.
[26] *Marsh,* 53 F.3d at 712.
[27] *Daniels v. Williams*, 474 U.S. 327, 332-36 (1986).

**DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims, and they are **DISMISSED** without prejudice.

    Signed in Baton Rouge, Louisiana, on November 2, 2016.

                                                  **JUDGE JAMES J. BRADY**
                                                  **UNITED STATES DISTRICT COURT**
                                                  **MIDDLE DISTRICT OF LOUISIANA**